INCLINATIONS

        It is Judge Mollway's practice, whenever possible, to notify
attorneys and pro se parties scheduled to argue motions before
her of her inclinations on the motions and the reasons for the
inclinations.  This is part of Judge Mollway's normal practice,
rather than a procedure unique to a particular case, and is
designed to help the advocates prepare for oral argument.  It is
the judge's hope that the advance notice of her inclination and
the accompanying reasons will focus the oral argument and permit
the advocates to use the hearing to show the judge why she is
mistaken or why she is correct.  The judge is not bound by the
inclination and sometimes departs from the inclination in light
of oral argument.

        Judge Mollway attempts to communicate her inclinations no
later than one working day before a hearing.  The court's
preference is to distribute the inclinations to the parties via
the court's electronic filing system ("CM/ECF").  Accordingly,
parties are encouraged to participate in the court's CM/ECF
system.

        The inclination is intended to be only a summary of the
court's thinking before the hearing and not a complete legal
discussion.  The court will issue a written order with a detailed
analysis after the hearing.

        The parties are reminded that, under Local Rule 7.4, they
may not submit supplemental briefs (such as briefs addressing the
inclination) unless authorized by the court.  Supplemental
declarations, affidavits, and/or other evidence in response to
the court's inclinations are prohibited unless authorized by the
court.  The parties are also reminded that they must comply with
Local Rule 7.8 if they intend to rely on uncited authorities at
the hearing.

        Occasionally, Judge Mollway does not announce an
inclination, especially if materials are submitted to her right
before the hearing.  Because briefing on criminal motions closes
just a few days before the hearing, it is not uncommon for her to
be unable to announce an inclination on a criminal motion until
the start of the hearing itself.  Certainly if an evidentiary
hearing is scheduled on matters necessary to a decision on either
a civil or criminal motion, no inclination will be announced.

        Judge Mollway's inclinations may not be cited as authority
for any proposition.  However, the inclinations will be
electronically filed for the convenience of the parties.

        Judge Mollway announces the following inclinations:

*Vergara v. Skyline ULTD Inc.*, Civ. No. 19-00564 SOM/RT

On September 5, 2019, Plaintiff Priscilla Vergara filed an employment discrimination Complaint under Hawaii law in state court. *See* ECF No. 1-3. On October 21, 2019, Defendant Skyline ULTD Inc. removed the Complaint to this court on the basis of diversity jurisdiction. *See* ECF No. 1. On October 28, 2019, Skyline moved to dismiss the Complaint. *See* ECF No. 7. The court is inclined to grant the motion in part and to deny it in part.

As an initial matter, the Complaint refers to "GS" before identifying certain individuals. Does "GS" refer to the "General Schedule" salary schedule or to something else?

On January 23, 2017, Vergara appears to have filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Hawaii Civil Rights Commission ("HCRC"). *See* ECF No. 7-4. However, because the Charge of Discrimination and the subsequent Notice of Right to Sue were not mentioned in the Complaint or attached to it, the court is inclined to not consider those documents for purposes of this Rule 12(b)(6) motion to dismiss. *See Sprewell*, 266 F.3d at 988; *Campanelli*, 100 F.3d at 1479. The court is inclined to rule that any motion seeking dismissal for an alleged failure to exhaust administrative remedies is more properly viewed as a Rule 12(b)(6) motion to dismiss, rather than a Rule 12(b)(1) motion to

dismiss for lack of jurisdiction for which this court could examine matters outside the four corners of the Complaint. *See Fort Bend County, Tex. v. Davis*, 139 S. Ct. 1843, 1852 (2019) ("Title VII's charge-filing requirement is not of jurisdictional cast. Federal courts exercise jurisdiction over Title VII actions pursuant to 28 U.S.C. § 1331's grant of general federal-question jurisdiction, and Title VII's own jurisdictional provision, 42 U.S.C. § 2000e-5(f)(3) (giving federal courts 'jurisdiction [over] actions brought under this subchapter').").  Moreover, the claims before this court are all based on state law, and Skyline cites no authority indicating that a failure to comply with a state exhaustion requirement controls subject matter jurisdiction.  This court is inclined to rule that Skyline's motion to dismiss should be analyzed under Rule 12(b)(6) because this court has subject matter jurisdiction over Vergara's state-law claims based on the parties' diversity of citizenship and amount in controversy.  *See* 28 U.S.C. § 1332.

The court is inclined to dismiss Vergara's hostile work environment claim to the extent it is based on national origin/ancestry.  The court is inclined to rule that the allegations of the Complaint fail to allege severe or pervasive conduct based on national origin/ancestry.  The court is inclined to rule that the Complaint only alleges that another employee named Morgan questioned Vergara's "nationality, making fun of

3

[her] accent.  When [Vergara] would correct Morgan about her
nationality, Morgan's response would be: 'It's all the same
shit.'"  Complaint ¶ 7(e), ECF No. 1-3, PageID # 16.  The court
is inclined to allow Vergara leave to amend her Complaint to add
more factual detail supporting a hostile work environment based
on national origin/ancestry.  The court is further inclined to
rule that Skyline does not seek dismissal of Vergara's hostile
work environment claims based on sex.

The court is inclined to dismiss with prejudice
Vergara's whistleblower's claim, which appears to be a claim
under the Hawaii Whistleblower Protection Act, Hawaii Revised
Statutes §§ 378-61 through 378-70.  Any such claim is subject to
a two-year limitation period.  See Haw. Rev. Stat. 378-63(a).
The court is inclined to rule that the filing of an
administrative charge with the EEOC and the HCRC does not toll
the limitations period for a section 378-62 claim.  *See Lalau v.
City & Cty. of Honolulu*, 938 F. Supp. 2d 1000, 1021 (D. Haw.
2013) ("Title VII's and chapter 378's administrative processes do
not toll the limitation period for a section 378-62 claim").
Because the Complaint was filed on September 5, 2019, more than
two years after Vergara's alleged constructive discharged on
March 14, 2017, the court is inclined to rule that her
whistleblower's claim is untimely.

The court is inclined to dismiss with prejudice

4

Vergara's wrongful termination claim.  Vergara asserts that she was constructively terminated on March 14, 2017, in violation of section 378-2 of Hawaii Revised Statutes.  The court reads her "wrongful termination" claim as based on her termination, allegedly in violation of public policy.  *See Parnar v. Americana Hotels, Inc.*, 65 Haw. 370, 380, 652 P.2d 625, 631 (1982) ("We therefore hold that an employer may be held liable in tort where his discharge of an employee violates a clear mandate of public policy.").  However, the court is inclined to rule that such a claim is not viable.  *See Hughes v. Mayoral*, 721 F. Supp. 2d. 947, 962 (D. Haw. 2010) ("Title VII and HRS § 378 expressly prohibit workplace discrimination because of race and/or sex, and courts have found that as a result, a plaintiff cannot state a *Parnar* claim based on the same conduct.").  Even if Vergara's wrongful discharge in violation of public policy claim is viable, the court is inclined to rule that it is time-barred.  *See Hillhouse v. Haw. Behavioral Health, LLC*, 2014 WL 4662378, at *10 (D. Haw. Sept. 18, 2014).

The court is inclined to dismiss with prejudice Vergara's emotional distress claims.  The court is inclined to rule that intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED") claims are subject to the two-year statute of limitations set forth in section 657-7 of Hawaii Revised Statutes.  *See, e.g., DeRosa v.*

*Ass'n of Apartment Owners of the Golf Villas*, 185 F. Supp. 3d 1247, 1259-60 (D. Haw. 2016) ("Plaintiff's intentional infliction of emotional distress ('IIED'), negligent infliction of emotional distress ('NIED'), and negligence claims are subject to a two-year statute of limitations."). The court is inclined to determine that Vergara's IIED and NIED claims accrued at the latest when she was constructively discharged on March 14, 2017. *See Ass'n of Apartment Owners of Newtown Meadows*, 115 Haw. at 277, 167 P.3d at 270 ("Under HRS § 657-7, a tort claim accrues when the plaintiff discovers, or through the use of reasonable diligence should have discovered, the negligent act, the damage, and the causal connection between the two."). The court is inclined to rule that the filing of administrative charges with the EEOC and HCRC does not toll the limitation periods with respect to IIED and NIED claims. *See Hillhouse v. Hawaii Behavioral Health, LLC*, 2016 WL 2992908 ("The statute of limitations for Plaintiff's claim of IIED was not tolled when Plaintiff filed a complaint with the HCRC or the United States Equal Opportunity Employment Commission."); *Hale*, 468 F. Supp. 2d at 1233. Accordingly, the court is inclined to rule that Vergara's IIED and NIED claims are time-barred.

Additionally, the court is inclined to rule that Vergara's NIED claim fails because she does not allege a physical injury or mental illness. *See Ross v. Stouffer Hotel Co.*

*(Hawai'i) Ltd.*, 76 Haw. 454, 465–66, 879 P.2d 1037, 1048–49
(1994) ("recovery for negligent infliction of emotional distress
by one not physically injured is generally permitted only when
there is some physical injury to property or a person resulting
from the defendant's conduct." (quotation marks and citation
omitted)); Haw. Rev. Stat. § 663-8.9.

        The court is inclined to dismiss with prejudice
Vergara's negligent hiring, negligent training, negligent
supervision, and negligent retention claims, ruling that they are
subject to a two-year limitations period. *Mansha Consulting LLC
v. Alakai*, 236 F. Supp. 3d 1267, 1272 (D. Haw. 2017) ("In Hawaii,
negligence claims are subject to a two-year statute of
limitations pursuant to Hawaii Revised Statutes ("HRS")
§ 657-7.").  The court is inclined to rule that, at the latest,
Vergara's nelgigence-based claims accrued when she was
constructively discharged. *See Ass'n of Apartment Owners of
Newtown Meadows*, 115 Haw. at 277, 167 P.3d at 270.  The court is
inclined to rule that the negligence claims were not tolled by
the filing of administrative charges with the EEOC and HCRC, as
the negligence claims were not required to be filed with either
body before being filed in court. *See Hale*, 468 F. Supp. 2d at
1233.  Accordingly, the court is inclined to rule that the
negligence-based claims are time-barred.

        The court is inclined to dismiss Vergara's interference

with economic advantage, unjust enrichment, and right to privacy
claims, as the court is inclined to rule that the Complaint fails
to support those claims with any factual allegations. *See
Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v.
Twombly*, 550 U.S. 544, 555 (2007).  The court is inclined to
determine that the Complaint baldly asserts that "Defendant
intentionally interfered with Plaintiff's economic advantage,"
Defendant was unjustly enriched, and "Defendant violated
Plaintiff's right to privacy."  *See* Complaint ¶¶ 15, 16, 18; ECF
No. 1-3, PageID # 17.  The court is inclined to grant Vergara
leave to file an Amended Complaint that asserts interference with
economic advantage, unjust enrichment, and right to privacy
claims with sufficient factual detail.