IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PRISCILLA VERGARA, | ) | CIVIL NO. 19-00564 SOM/RT |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART MOTION TO |
| vs. | ) | DISMISS COMPLAINT |
| | ) | |
| SKYLINE ULTD INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO DISMISS COMPLAINT**

**I.      INTRODUCTION.**

Plaintiff Priscilla Vergara asserts that she was discriminated against by her employer Defendant Skyline ULTD Inc. She originally sued in state court, asserting only state-law claims; Skyline removed the case to this court based on diversity jurisdiction. *See* ECF No. 1. Skyline now moves to dismiss the Complaint. *See* ECF No. 7. That motion is granted in part and denied in part.

Vergara concedes that she has not adequately pled her state-law hostile work environment claim based on national origin/ancestry, her claim of intentional interference with economic advantage, her unjust enrichment claim, and her invasion of privacy claim. The motion to dismiss is granted on that ground, but Vergara is given leave to amend those claims.

Vergara further agrees to dismissal without leave to amend of her Hawaii Whistleblower Protection Act claim, her claim

of wrongful termination in violation of public policy, her intentional infliction of emotional distress ("IIED") claim, her negligent infliction of emotional distress ("NIED") claim, and her claims of negligent hiring, negligent training, negligent supervision, negligent retention, and retaliation.  The motion to dismiss is granted with respect to those claims, which are dismissed with prejudice.

The court denies the motion to the extent it seeks dismissal based on Vergara's alleged failure to exhaust her administrative remedies, as such a failure is not apparent from the face of the Complaint.  The court also rejects Skyline's argument that this court lacks subject matter jurisdiction because of the alleged failure to exhaust.  Exhaustion of state-law claims is not a matter of federal jurisdiction.  Skyline may, of course, reassert the alleged failure to exhaust administrative remedies argument in a motion for summary judgment.

**II.      STANDARD.**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court's review is generally limited to the contents of a complaint.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996).  However, the court may take judicial notice of and consider matters of public record without converting a Rule 12(b)(6) motion to dismiss into a motion for

2

summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988). The court may also consider materials incorporated into the complaint. "But the mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Instead, courts may "consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Id.* (examining whether the material was "integral" to the complaint). When matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. *See Keams v. Tempe Tech. Inst., Inc.*, 110 F.3d 44, 46 (9th Cir. 1997); *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *Sprewell*, 266 F.3d at 988; *Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

4

that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**III.     FACTUAL BACKGROUND.**

In November 2015, Skyline hired Vergara as a General Clerk II for the Soldiers Support Center at Schofield Army Barracks, Hawaii. *See* Complaint ¶ 4. Vergara says that she was subjected to unwelcome and unsolicited sexual comments by civilian personnel, including Lead Supervisor Rick Hanna, who allegedly told Vergara that (1) she should show more of her body, (2) she should go to a nightclub he went to, and (3) he would find her a man who would go to a concert with her and would tell the man that Vergara would perform some kind of sexual act in return. Hanna also allegedly implied that Vergara was a lesbian, asked her if she had ever slept with someone on the first date, and made comments about a woman's body. *See* Complaint ¶ 7(a). Hanna also allegedly used sexual language and watched "sexual content" at work. *See* Complaint ¶ 7(f).

The Complaint alleges that another supervisor, Pierce, told Vergara that she took a long time helping a serviceman because she was interested in him. *See* Complaint ¶ 7(b).

It appears that Skyline provided services to military personnel in coordination with federal employees. The Complaint alleges that GS Chief of Personnel Services, Jerry Rice, suggested that Vergara find herself a sugar daddy and that, while

5

walking behind Vergara said, "I would slap that ass." *See* Complaint ¶ 7(c). At the hearing on its motion, Skyline explained (and Vergara did not dispute) that Rice is a federal employee, and that the reference to "GS" was a reference to the "General Schedule" for certain federal employees.

The Complaint refers to GS Morgan, presumably another federal employee, and alleges that he stood behind Vergara, put his arms around her shoulders, and whispered in her ear. Vergara says that she told him to stop, but he allegedly responded that he would do whatever he wanted because the entire office belonged to him. *See* Complaint ¶ 7(d). Morgan allegedly used sexual language and watched "sexual content" at work. *See* Complaint ¶ 7(f). The Complaint further alleges that Morgan made fun of Vergara's accent, questioned her nationality, and, when she corrected him, said, "It's all the same shit." *See* Complaint ¶ 7(e).

On January 23, 2017, Vergara may have filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). *See* ECF No. 7-4. However, because the Charge of Discrimination and the subsequent Notice of Right to Sue from the EEOC were not incorporated into the Complaint, the court does not consider them for purposes of this Rule 12(b)(6) motion to dismiss. *See Coto Settlement*, 593 F.3d at 1038. While Skyline asked this court to take judicial notice of the Charge of

Discrimination and Notice of Right to Sue, that request was untimely, as it was so late that it did not give Vergara any opportunity to respond to the request. Additionally, the request did not discuss whether the EEOC's files should be considered public records when those files are only available to the litigants and not to the public in general. In any event, the record is unclear as to whether Vergara exhausted or attempted to exhaust the state-law discrimination claims asserted in the Complaint with the Hawaii Civil Rights Commission ("HCRC"). This court cannot tell whether Vergara dual-filed her Charge of Discrimination with the EEOC and HCRC, and the confusion is exacerbated because the material Skyline asks this court to take judicial notice of may indicate that Vergara asserted only Title VII claims with the EEOC, without mentioning any state-law discrimination claims. This lawsuit asserts only state-law claims.

The Complaint alleges that, on March 14, 2017, Skyline constructively terminated Vergara "for whistleblowing and because of her refusal to go along with the sexual harassment and discrimination." See Complaint ¶ 10.

Vergara asserts state-law claims of (1) hostile work environment; (2) whistleblowing; (3) retaliation; (4) wrongful termination; (5) unjust enrichment; (6) intentional infliction of emotional distress; (7) negligent infliction of emotional

7

distress; (8) intentional interference with economic advantage; (9) negligent hiring; (10) negligent training; (11) negligent supervision; (12) negligent retention; and (13) invasion of privacy.

**IV. ANALYSIS.**

    **A. The Complaint Insufficiently Pleads Claims of Hostile Work Environment Based on National Origin/Ancestry, Intentional Interference with Economic Advantage, Unjust Enrichment, and Invasion of Privacy.**

At the hearing on the present motion, Vergara conceded that her Complaint did not sufficiently plead claims of hostile work environment based on national origin/ancestry, intentional interference with economic advantage, unjust enrichment, and invasion of privacy. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Those claims are therefore dismissed. The court gives Vergara leave to file an Amended Complaint no later than December 23, 2019, that alleges such claims with the necessary factual detail.

    **B. The Court Dismisses With Prejudice Vergara's Whistleblower, Wrongful Termination, Emotional Distress, Negligence, and Retaliation Claims.**

Vergara asserts a "Whistleblowing" claim, which the court deems to be a claim under the Hawaii Whistleblower Protection Act, Hawaii Revised Statutes §§ 378-61 through 378-70. Vergara conceded at the hearing that this claim is barred by the two-year limitations period set forth in section 378-63(a) of

8

Hawaii Revised Statutes, as she was allegedly constructively discharged on March 14, 2017, and did not file the Complaint until September 5, 2019. The court therefore dismisses the Hawaii Whistleblower Protection Act claim with prejudice.

The court views Vergara's concessions at the hearing as including a concession to dismissal of her common-law claim of "wrongful termination" in violation of public policy. *See Parnar v. Americana Hotels, Inc.*, 65 Haw. 370, 380, 652 P.2d 625, 631 (1982) ("We therefore hold that an employer may be held liable in tort where his discharge of an employee violates a clear mandate of public policy."). The claim is not viable given Vergara's statutory remedy for the constructive discharge under section 378-2 of Hawaii Revised Statutes. *See Hughes v. Mayoral*, 721 F. Supp. 2d. 947, 962 (D. Haw. 2010) ("Title VII and HRS § 378 expressly prohibit workplace discrimination because of race and/or sex, and courts have found that as a result, a plaintiff cannot state a *Parnar* claim based on the same conduct."). Additionally, the common-law claim is time-barred given Vergara's discharge on March 14, 2017, about two and a half years before she filed her Complaint on September 5, 2019. *See Hillhouse v. Haw. Behavioral Health, LLC*, 2014 WL 4662378, at *10 (D. Haw. Sept. 18, 2014) (applying the two-year statute of limitations set forth in section 657-7 of Hawaii Revised Statutes to a *Parnar* constructive discharge claim, determining that the claim accrued

9

on the date of the constructive discharge); *see also Kuehu v. United Airlines, Inc.*, 2016 WL 4445743, at *6-*7 (D. Haw. Aug. 23, 2016) (holding that the filing of charges of discrimination with the EEOC and the HCRC did not toll the limitations period for a claim not required to be exhausted). Vergara's "wrongful termination" in violation of public policy claim is therefore dismissed with prejudice.

Vergara conceded at the hearing that her IIED and NIED claims are barred by the two-year statute of limitations set forth in section 657-7 of Hawaii Revised Statutes. *See Kuehu*, 2016 WL 4445743, at *6-*7 (applying the two-year limitation period to an IIED claim); *DeRosa v. Ass'n of Apartment Owners of the Golf Villas*, 185 F. Supp. 3d 1247, 1259-60 (D. Haw. 2016) ("Plaintiff's intentional infliction of emotional distress ('IIED'), negligent infliction of emotional distress ('NIED'), and negligence claims are subject to a two-year statute of limitations."); *Wheeler v. Hilo Med. Ctr., Inc.*, 2010 WL 1711993, at *11 (D. Haw. Apr. 27, 2010) ("Battery, IIED, false imprisonment, and NIED are all tort claims to recover compensation for damage or injury. As a result, these claims are subject to the two-year statute of limitations in HRS § 657-7, as well as the tolling and accrual provisions set forth above."). Vergara was allegedly constructively discharged on March 14, 2017, and did not file the Complaint until September 5, 2019.

Additionally, Vergara conceded at the hearing that her NIED claim fails because she does not allege a physical injury or mental illness.  *See Ross v. Stouffer Hotel Co. (Hawai'i) Ltd.*, 76 Haw. 454, 465–66, 879 P.2d 1037, 1048–49 (1994) ("recovery for negligent infliction of emotional distress by one not physically injured is generally permitted only when there is some physical injury to property or a person resulting from the defendant's conduct." (quotation marks and citation omitted)); Haw. Rev. Stat. § 663-8.9.  The court therefore dismisses the IIED and NIED claims with prejudice.

Vergara conceded at the hearing that her negligent hiring, negligent training, negligent supervision, and negligent retention claims are also barred by the two-year statute of limitations set forth in Hawaii Revised Statutes § 657-7.  *See Mansha Consulting LLC v. Alakai*, 236 F. Supp. 3d 1267, 1272 (D. Haw. 2017).  At the latest, Vergara's negligence-based claims accrued when she was allegedly constructively discharged on March 14, 2017.  Vergara did not file the Complaint until September 5, 2019.  Accordingly, the court dismisses Vergara's negligent hiring, negligent training, negligent supervision, and negligent retention claims with prejudice.

Before filing a judicial proceeding for employment discrimination in violation of section 378-2 of Hawaii Revised Statutes, a plaintiff must first file an administrative charge

11

with the HCRC and receive a notice of right to sue from the HCRC. *See Simmons v. Aqua Hotels & Resorts, Inc.*, 130 Haw. 325, 328–29, 310 P.3d 1026, 1 029–30 (App. 2013). Additionally, a plaintiff may not file a civil action based on discrimination that was not identified in the plaintiff's HCRC charge. *See id*, 130 Haw. at 329, 310 P.3d at 1030. Vergara conceded at the hearing that she did not exhaust any retaliation claim and identified no exception that might allow an unexhausted retaliation claim. This court therefore dismisses with prejudice Vergara's retaliation claims in violation of section 378-2.

> **C. The Court Denies Skyline's Motion to the Extent it Argues that Vergara Did Not Properly Exhaust Her section 378-2 Hostile Work Environment Based on Sex Claim, As That is An Argument that Cannot Be Adjudicated on this Rule 12 Motion**.

Before filing a judicial proceeding for employment discrimination in a violation of section 378-2 of Hawaii Revised Statutes, a plaintiff must first file an administrative charge with the HCRC and receive a notice of right to sue from the HCRC. *See Simmons v. Aqua Hotels & Resorts, Inc.*, 130 Haw. 325, 328–29, 310 P.3d 1026, 1 029–30 (App. 2013). Additionally, a plaintiff may not file a civil action based on discrimination that was not identified in the plaintiff's HCRC charge. *See id*, 130 Haw. at 329, 310 P.3d at 1030. Skyline argues that Vergara did not properly exhaust her administrative remedies before filing the present Complaint.

12

Skyline initially argued that this court could consider the Charge of Discrimination and subsequent Notice of Right to Sue from the EEOC under Rule 12(b)(1), and that this court lacked subject matter jurisdiction given Vergara's alleged failure to exhaust.  This argument is unpersuasive.  The court has subject matter jurisdiction over Vergara's state-law claims based on the parties' diversity of citizenship and amount in controversy.  *See* 28 U.S.C. § 1332.  Moreover, exhaustion is not normally a jurisdictional requirement.  *See*, *e.g.*, *Fort Bend County, Tex. v. Davis*, 139 S. Ct. 1843, 1852 (2019) ("Title VII's charge-filing requirement is not of jurisdictional cast.  Federal courts exercise jurisdiction over Title VII actions pursuant to 28 U.S.C. § 1331's grant of general federal-question jurisdiction, and Title VII's own jurisdictional provision, 42 U.S.C. § 2000e–5(f)(3) (giving federal courts 'jurisdiction [over] actions brought under this subchapter').").  In this case, which involves only state-law claims, treating a state-law exhaustion requirement as affecting this court's subject matter jurisdiction would be particularly inappropriate.

In *Begay v. Kerr-McGee Corp.*, 682 F.2d 1311, 1315 (9th Cir. 1982), the Ninth Circuit said, "Although the states have the power to prevent the federal court from granting relief in a diversity case by denying the substantive right of action asserted, they have no power to enlarge or contract the federal

13

jurisdiction." *Begay* indicates that a federal court with diversity jurisdiction has subject matter jurisdiction over the controversy regardless of whether a state law would deprive the state of jurisdiction.

Applying Rule 12(b)(6) instead or Rule 12(b)(1) to Skyline's lack of exhaustion contention, this court denies that part of the motion. This court cannot tell from the four corners of the Complaint whether Vergara properly exhausted her administrative remedies before filing her hostile work environment claim based on sex in violation of section 378-2. This court therefore leaves Skyline's argument for further adjudication in a summary judgment motion.

In any such summary judgment motion, the parties should address the following: (1) whether Vergara dual-filed her administrative Charge of Discrimination with the EEOC and the HCRC; (2) if not, whether Vergara was required to and did file her section 378-2 claims with the HCRC to properly exhaust administrative remedies; (3) whether Vergara exhausted administrative remedies with respect to section 378-2 claims if her Charge of Discrimination filed with the EEOC was brought only under Title VII; and, (4) whether Vergara received a Notice of Right to Sue from the HCRC and, if not, whether such a letter was required before Vergara could file section 378-2 claims with this court.

## V. CONCLUSION.

As discussed above, Skyline's motion to dismiss is granted in part and denied in part.

The only claim remaining for adjudication is Vergara's hostile work environment claim based on sex in violation of section 378-2.

Vergara is granted leave to file an Amended Complaint no later than December 23, 2019, that sufficiently alleges her state-law claims of hostile work environment based on national origin/ancestry, intentional interference with economic advantage, unjust enrichment, and invasion of privacy.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 9, 2019.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Vergara v. Skyline ULTD Inc.*, Civ. No. 19 00564 SOM/RT; ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FOURTH AMENDED COMPLAINT